RIERA, PLAINTIFF AND APPELLANT, *v.* WOLFF'S AUTO GARAGE ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Mayagüez in an action for recovery on a bond in intervention proceedings.

No. 1015.—Decided March 26, 1914.

RIGHT TO PERSONAL PROPERTY—BOND OF INTERVENOR—NATURE OF OBLIGATION.—
In accordance with sections 3, 14 and 15 of the Act of March 14, 1907, providing for the trial of right to personal property, the bond to be given by the intervenor who claims the property attached by a third person is not necessarily a penal bond, but its object is to guarantee to the attaching creditor that the intervenor will return the property in the same condition

in which he received it, and in case of his failure so to do, to pay the value of said property with legal interest and the damages and costs that may be awarded against him.

ID.—ABANDONMENT OF CLAIM BY INTERVENOR—RETURN OF PROPERTY TO ATTACHING CREDITOR.—When, as in the case at bar, the intervenor abandons his claim and, after having given the proper bond, returns the property to the creditor who attached the same, even in the supposition that the bond had been given for twice the value of the property, the said creditor, if he receive the same, only has the right to be indemnified for such difference as there may be between the value of the property when returned by the intervenor and the value it had when the intervenor received it, together with the actual damages sustained.

ID.—DAMAGES—INTEREST.—In view of the facts proven it is not necessary to decide in the present case whether in accordance with section 3 of the Act of March 14, 1907, the creditor who attached the property may claim from the intervenor indemnity for any damage he may have sustained in case the legal interest on the value of the property were insufficient to compensate for the damage sustained.

ID.—ATTORNEY'S FEES—DISCRETION OF COURT.—The allowing of attorney's fees in intervention proceedings lies entirely in the discretion of the trial court, and this court will not interfere, as a general rule, with the decision of the lower court on this point.

The facts are stated in the opinion.

Messrs. *José G. Torres* and *José Ramón Freyre* for appellant.

Messrs. *Bosch & Soto* for respondents Francisco del Moral and Maximino Rodríguez.

MR. JUSTICE WOLF delivered the opinion of the court.

This suit was begun in the District Court of Mayagüez on November 7, 1911. The facts were substantially as follows:

On April 3, 1911, Eduardo Riera brought a suit against Simón Carlo for the recovery of $2,000 on a matured obligation. At the inception of that suit the complainant obtained an attachment against the defendant therein and as a consequence the marshal attached and delivered, or was about to deliver, certain machines or machinery of the debtor, Carlo. On April 5, 1911, however, the Wolff's Auto Garage, a defendant in the present suit, filed a petition in intervention or trial of right to property, claiming the attached property as its own by reason of a private contract executed

between it and Carlo. The intervenor in its turn gave a bond for $3,000, double the value of the property, the construction of which is the object of this appeal. This bond is as follows:

"DELIVERY BOND. *Whereas:* By virtue of a writ of attachment issued out of the district court on April 5, 1911, in favor of the plaintiff, Eduardo Riera, against the defendant, Simón Carlo, to secure the effectiveness of such judgment as may be rendered in this cause the marshal of said court levied an attachment upon the following personal property designated by the plaintiff: One lathe with 8 gearwheels and 2 plates, marked Benjamin Laurance, builder, Lowell, Mass., U. S. A. One lathe with 8 gear-wheels and 2 plates, Manning, Maxwell & Moore. One drilling machine with a set of drills of from 1/16 to 1 inch. One hacksaw. One No. 1 milling machine with 12 cutters. One machine with 2 emery wheels. One Otto gasoline motor. One vise, one sledge-hammer, 12 wrenches, 6 lathe-dogs and various accessories and tools belonging to the machinery. The said property has been valued by the marshal at_____dollars. *Whereas:* the copartnership Wolff's Auto Garage has claimed the said property and presented to the marshal an affidavit setting forth that its claim is made in good faith. *Therefore:* We, Ramón Wolff, manager of the copartnership Wolff's Auto Garage, as principal, and Francisco del Moral and Maximino Rodríguez, as sureties, bind ourselves to pay to the said Eduardo Riera the sum of three thousand dollars, or double the value of the above-described property. The conditions of this bond are that if the copartnership Wolff's Auto Garage fail to prove its right to the said property it will return it to the marshal of the district court, or to his successor in office, in the same condition in which it received it and will pay also the reasonable value of its use, rent and profits from the date of this bond together with the costs, or if it fail to return the said property and pay for its use, rent and profits it will pay to the plaintiff the value of said property with lawful interest on said value from this date together with all damages and costs which may be adjudged against it. Signed in Mayagüez this 5th day of April, 1911. (Signed) R. Wolff, principal. F. del Moral, surety. M. Rodríguez, surety."

On the execution of the bond the property was turned over to the Wolff's Auto Garage, which remained in posses-

sion of the same until September 14, 1911, or a period of five months and eight days, at which time the property was delivered to Eduardo Riera, the Wolff's Auto Garage having abandoned its claim and a nonsuit being entered against it, with costs and damages. The word "costs" was held to mean the costs of the intervention proceeding. It was shown that the property was turned over to Riera within two days after the dismissal of the suit. It was likewise shown that upon the return of the machinery certain parts were missing, of the value of $200, and, in the opinion of the court below, no other loss or deterioration to the machinery was shown. It was likewise proved that after the dismissal of such suit the complainant, Riera, presented a memorandum of costs and fees amounting to $110.55, which were paid by the Wolff's Auto Garage.

All these proceedings were had by virtue of the law of March 14, 1907, governing the trial of the right of property. Session Laws of 1907, p. 310. Under section 14 of this law, as everybody in the suit and especially the judge recognizes, a judgment might have been rendered against the Wolff's Auto Garage and its sureties for whatever the law directed, but instead thereof the court after rendering judgment for the costs and fees in the intervention proceedings turned the bond over to the complainant, Eduardo Riera, for his further action. Thereupon, he brought this suit against the Wolff's Auto Garage and its sureties on the bond.

In the course of this suit the complainant attempted to show various items of damage, but the court finally rendered judgment for the $231.95, admitted deterioration of the machinery and interest from the day of its attachment. The court gave judgment for the sum stated, but without costs or fees, from which judgment the complainant Riera appealed.

The appellant through his attorney maintains that by its terms the bond is a penal one and that, therefore, as the intervenor did not return the property to the complainant, Riera,

in as good condition as it was received, and did not pay said complainant the reasonable value of the use, hire, increase and fruits of such property, that the judgment should have been for the whole penal sum of $3,000, or at least for the whole $1,500, the amount at which the machinery was appraised and other proved damages. He maintains that he should have been allowed other items of damage and should not have been limited to the interest on the principal sum. Appellant also insists that the court was in error in refusing to allow him costs and fees in the present suit.

With regard to the first point raised by the appellant it is well to cite the applicable sections of the law.

"Section 3.—The bond shall be conditioned that the party making such claim, in case he fails to establish his right to such property, shall return the same to the officer making the levy, or his successor, in as good condition as he received it, and shall also pay the reasonable value of the use, hire, increase and fruits thereof from the date of said bond, or in case he fails so to return said property and pay for the use, hire, increase and fruits of the same, he shall pay the plaintiff the value of said property, with legal interest thereon from the date of the bond, and shall also pay all damages and costs that may be awarded against him."

"Section 14.—In all cases where any claimant of property, under the provisions of this Law, shall fail to establish his right thereto, judgment shall be rendered against him and his sureties for the value of the property, with legal interest thereon from the date of such bond.

"When such value is greater than the amount claimed under the writ, by virtue of which such property was levied upon, the damages shall be on the amount claimed under said writ.

"Such judgment shall be rendered in favor of the prevailing party in the suit wherein the writ of attachment or any other writ was issued, which gave rise to the claim of a third party, and when such judgment shall be rendered in favor of the plaintiff in the writ, or of the several plaintiffs, if more than one, there shall be fixed in said judgment the amount of each plaintiff's claim and the priority of such claims. In all cases other than those for non-appearance of plaintiff, or those of default by the defendant, the judge shall reserve judgment in the case of the claim of a third party until judg-

ment shall be rendered in the suit giving rise to the third party's claim.''

"Section 15.—On such judgment an execution shall issue within ten days.

"If, within ten days from the rendition of judgment against the claimant, the latter shall return such property in as good condition as he received it, and pay for the use of the same, together with the damages and costs, such delivery and payment shall operate as a satisfaction of such judgment.''

We think from an inspection of these three sections that the idea of the law was not to inflict a penalty, but to award compensation and give security therefor. Section 14 provides for the giving of a judgment against the unsuccessful intervenor, with legal interest thereon from the date of the bond, and section 15 provides that the intervenor may satisfy this judgment by returning the goods in as good condition as he received them and paying for the use of the same, together with the damages and costs. Hence we think it is plain that the object of the law is compensation.

The property was returned to the complainant and he received it back. If he had refused to receive the property on the ground that it was not in the same condition in which it had been taken from him, there might perhaps be some reason in his contention that he should have been awarded the whole sum of $1,500. In awarding him, then, $200 for the deterioration instead of giving him $1,500, the appraised value, the court was acting, as we think, within the law and justice of the case. Another way of looking at the matter is this. Suppose the appellant was entitled to receive the $1,500. He obtained the machine back, now valued at $1,300. Hence, if the value of the goods is taken into consideration he was entitled to the difference of $200.

The court below draws attention to the careless way in which the law is drawn. The bond is now limited in favor of the complainant when it ought to be in favor of the marshal or of the successful party to the suit. Still a better form would be an undertaking wherein the intervenor would bind

himself to be responsible for the goods and all intervening damages that might arise by virtue of the intervention, and the sureties to secure said obligation, and that if judgment is rendered against such intervenor the latter and his sureties might be compelled in the same judgment to satisfy said obligation.

Now, while section 14 provides by its terms only for the judgment and interest, we think the general spirit of the law and section 3 thereof would permit perhaps an inquiry and estimate of any damages sustained by the complainant, if the interest was inadequate to pay for the same, but it is unnecessary for us to decide this question specifically until a proper case arises. In the case at bar the complainant Riera offered proof in the court below tending to show that when the machinery was taken from the shop of Carlo, the debtor, he, the said Riera, had to pay rent for the shop from which the machinery was taken and also had to pay for the salary of several employees in the shop. But how these damages were the proximate result of the taking of the machinery does not appear. The taking possession of the shop by Riera, so far as anything to the contrary appears, was done with the consent, direct or implied, of the debtor Carlo. The damages, if any, would flow to the latter, but, as we have seen, the bond was made to Riera. The damages contemplated by the bond refer to injuries to the machinery, the profits and use of the same and the like. For these reasons we do not see that Riera suffered any other damages under the bond than those awarded by the court.

Another ground of error is the failure to allow attorney's fees. The award of the latter is so largely in the discretion of the trial court that we dislike to interfere with such discretion. If the complainant, Riera, had by motion asked the court to fix the damages in the original intervention suit the court might have done so. At any rate the defendant has already been compelled to pay one attorney's fee by reason of the wrongful taking so that we are not inclined

to interfere with the court's discretion. The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.